```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                         HAMMOND DIVISION
```

MANOJ RANA,                         )
                                    )
      Plaintiff            )
                                    )
  vs.                               )  CAUSE NO. 2:07-cv-212
                                    )
TANGLEWOOD LIMITED PARTNERSHIP,     )
PATRIOT INDIANA CORPORATION, and    )
KHR PROPERTIES, INC.,               )
                                    )
      Defendants           )

OPINION AND ORDER

This matter is before the court on the Motion for Leave to File Second Amended Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint for Damages and Demand for Jury Trial filed by the defendants, Tanglewood Limited Partnership, Patriot Indiana Corporation, and KHR Properties, Inc., on May 16, 2008. For the reasons set forth below, this motion is **DENIED**.

Background

The plaintiff, Manoj Rana, brought a complaint for damages against Tanglewood Limited Partnership, Patriot Indiana Corporation, and KHR Properties. Rana was an occupant of Tanglewood Apartments, owned and operated by Tanglewood. He alleged that Patriot and KHR were general partners with Tanglewood, and as such, are liable for his injuries.

On July 2, 2005, a fire began on the first floor of Rana's apartment building and spread to the third floor where he resided. Rana alleged that the defendants negligently failed to provide a working smoke detector for his apartment and that the building did not have fire stops or fire walls. He further

alleged that the defendants negligently failed to provide more than one means of egress from his apartment on the third floor. Rana claimed that the defendants owed him a duty of care and breached that duty by failing to ensure that common ways and all areas under its control were in a reasonably safe condition. He further claimed that as a result of defendants' negligence, he sustained multiple, severe injuries.

On May 16, 2008, the defendants filed a motion seeking leave to file a Second Amended Answer to add nonparty defendants involved in the design and construction of the building and who were responsible for any building code violations of the apartment building.

## Discussion

Leave to amend is to be freely given when justice so requires. Federal Rule of Civil Procedure 15(a). However, this right is not absolute. ***Brunt v. Service Employees Int'l Union***, 284 F.3d 715, 720 (7th Cir. 2002). Leave to amend may be denied for undue delay, bad faith, dilatory motive, prejudice, or futility. ***Indiana Funeral Directors Insurance Trust v. Trustmark Insurance Corporation,*** 347 F.3d 652, 655 (7th Cir. 2003).

Defendants claim their motion should be granted because of "the limited information that Plaintiff has provided about his allegations of building code violations and related experts." (Def. Mot. for Leave ¶ 9) Rana objects to the defendants' motion on two grounds. First, he asserts that according to Indiana Code §34-51-2-16, a defendant must plead any known nonparty defense in

its first answer. If knowledge of a nonparty defense is not ascertained until after the first answer is filed, then the defendant must amend the answer with reasonable promptness to include the nonparty defense. Rana claims that the defendants were on notice of alleged building code violations in the original complaint. However, the defendants claim they were not aware of any building code violations until Rana's supplemental response to Interrogatories.

Rana also objects to the defendants' motion on the basis that, according to Indiana Code §32-30-1-5, the statute of limitations has expired with regards to liability of the proposed nonparty defendants. Rana asserts that because the individuals sought to be named as nonparty defendants cannot be attributed fault, they should not be named as nonparty defendants.

The Comparative Fault Act defines a "nonparty" as "a person who caused or contributed to cause the alleged injury, death, or damage to property but who has not been joined in the action as a defendant." Indiana Code §34-6-2-88. *See also **Osterloo v. Wallar***, 758 N.E.2d 59, 63-64 (Ind. App. 2001). Under the Act, the total fault for an accident is divided among the plaintiff, defendant, and any other negligent person who is referred to as a "nonparty." Indiana Code §34-51-2-7-(b)(1). *See also **Templin v. Fobes,*** 617 N.E.2d 541, 544 (Ind. 1993). "One premise underlying the assignment of fault to a culpable nonparty is that the nonparty must be subject to civil liability." ***Templin,*** 617 N.E.2d at 544 (*citing **Cornell Harbison Excavating, Inc. v. May,***

3

546 N.E.2d 1186, 1187 (Ind. 1993))(holding an unidentifiable nonparty cannot be subject to liability).

However, a 1995 amendment to the nonparty definition made clear that a nonparty defense may be used in instances in which a nonparty may not be liable to plaintiff, despite having contributed to injury. ***Bulldog Battery Corporation v. Pica Investments, Inc.***, 736 N.E.2d 333, 338 (Ind. App. 2000); ***City of Vincennes v. Reuhl***, 672 N.E.2d 495, 498 (Ind. App. 1996), *trans. denied* (holding that although the Comparative Fault Act is not applicable to government entities, the jury is nonetheless permitted to consider a nonparty government entity's negligence in allocating fault). "Just as it may be considered 'unfair' to deprive the plaintiff of recovering the full amount of his or her damages due to the allocation of fault to a nonparty, it would be 'unfair' to require the defendant alone to bear the cost of the plaintiff's damages if he or she was not solely responsible for the injury." ***Bulldog Battery Corporation,*** 736 N.E.2d at 338. The nonparty defense is not limited to instances where the named nonparty is or may be liable to the plaintiff. ***Bulldog Battery Corporation,*** 736 N.E.2d at 338.

Rana is correct in asserting that Indiana Code §32-30-1-5 bars an action to recover damages for real property design or construction deficiencies if the action is not commenced within the earlier of ten years after the date of substantial completion of the improvement or 12 years after the completion and submission of plans and specifications to the owner. Indiana Code §32-

30-1-5. Rana claims that statute has expired because the building in question was constructed in 1968, far beyond the ten (or 12) year limitation. Accordingly, Rana argues, the proposed nonparty defendants cannot be liable and because the proposed nonparty defendants cannot be attributed fault, they should not be named as nonparty defendants.

This argument misstates the provision. Specifically, a party does not have to be capable of being held liable to the plaintiff in order to be named a nonparty defendant. *See* **Bulldog Battery Corporation**, 736 N.E.2d at 338 (holding the nonparty defense is not limited to instances where the named nonparty is or may be liable to the plaintiff). Therefore, the statute of limitations described in Indiana Code §32-30-1-5 does not bar the defendants from asserting the nonparty defense simply because the proposed nonparty defendants, if found to be negligent in designing and/or constructing the apartment building, no longer are liable to Rana.

However, Rana also has objected on the grounds that the defendants failed to raise the nonparty defense in a timely fashion. A defendant must assert a nonparty defense in his first answer if that nonparty defense is known prior to filing of the first answer. Indiana Code §34-51-2-16; **Schultheis v. Franke**, 658 N.E.2d 932, 936 (Ind. App. 1995), *trans. denied* (1996). If "actual knowledge" of the defense is gained after the defendant has filed an answer, the defendant's efforts to add the nonparty defense must demonstrate "reasonable promptness." Indiana Code

§34-51-2-16. If service of the complaint was made on the defendant more than 150 days before the expiration of the limitation of action regarding the nonparty, the nonparty defense must be plead no later than 45 days before that expiration. Indiana Code §34-51-2-16. The statute provides that the court "may alter these time limitations or make other suitable time limitations in any manner consistent with giving the defendant a reasonable opportunity to discover the existence of a nonparty defense." Indiana Code §34-51-2-16. *See also* **Schultheis**, 658 N.E.2d at 936. The "reasonable promptness" requirement refers to the period of time between service of the complaint on the defendant and the assertion of the nonparty defense, not the time between learning of the defense and asserting it. ***Custer v. Schumacher Racing Corp.***, 2007 WL 2902047 at *2 (S.D. Ind. August 14, 2007)(*citing* ***Kelly v. Bennett***, 792 N.E.2d 584, 587 (Ind. App. 2003)). The purpose of the requirement to plead a nonparty defense with "reasonable promptness" would be "confounded if a defendant takes little action to discover such a defense until a substantial delay has occurred." ***Kelly***, 792 N.E.2d at 587.

The defendants claim that their assertion of the defense is reasonably prompt because Rana gave only "limited information" regarding alleged building code violations and only disclosed the identity of expert witnesses on February 14, 2008. The defendants do not draw an explicit connection between the plaintiff's disclosure of expert witnesses on the subject of building code violations and their assertion of a nonparty defense. Conse-

6

quently, it is not clear why disclosure of expert witnesses prompted the nonparty defense. The defendants shed some light on the connection by stating that "Prior to Plaintiff's disclosure of his expert's opinion, Defendants had absolutely no factual basis that there were any relevant building code violations." (Def. Brief, p. 2) The defendants state that their own investigation of the potential of building code violations did not reveal any citations for building code violations since the building's construction in 1968.

However, the defendants have not alleged, for instance, that it was only with the plaintiff's disclosures that they learned the actual identities of the individuals or entities to name as nonparties. *See e.g.* **Templin**, 617 N.E.2d at 544 (noting that the nonparty defense "requires the disclosure of the name of the nonparty not merely a generic identification."). Consequently, the ability of the defendants to assert a nonparty defense to Rana's claims arising out of alleged building code violations was present in direct response to the plaintiff's complaint. Perhaps the defendants doubt whether the claim will find factual support. However, absent a violation of Federal Rule of Civil Procedure 11, the plaintiff must be assumed to have some basis for the claim. Whether this claim will find sufficient factual basis to support recovery is unresolved at this stage, it was sufficient to give notice of the need to raise a nonparty defense.

Even if the defendants' investigation suggested that some element of the plaintiff's claim may be lacking, it does justify

failing to raise a nonparty defense to a claim that clearly was made in the plaintiff's complaint. The defendants also have not stated that it was only in February 2008 that they learned the identity of the nonparties responsible for the design and construction of the building. Presumably, a reasonable investigation would have revealed these identities. The requirement that the court give a defendant a reasonable opportunity to discover the existence of a nonparty defense does not mean that the defendant may sit idly by while it weighs the merits of the plaintiff's claim. Accordingly, the motion is **DENIED**.

_____

For the foregoing reasons, the Motion for Leave to File Second Amended Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint for Damages and Demand for Jury Trial filed by the defendants, Tanglewood Limited Partnership, Patriot Indiana Corporation, and KHR Properties, Inc., on May 16, 2008, is **DENIED**.

ENTERED this 2nd day of December, 2008

s/ ANDREW P. RODOVICH
Unites States Magistrate Judge